IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| ALTON HILL, | ) |
|       Plaintiff, | ) |
| v. | ) CV 108-080 |
| VICTOR WALKER, Warden, et al., | ) |
|       Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate incarcerated at Augusta State Medical Prison ("ASMP") in Grovetown, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis*, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on October 30, 2008, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because of pleading deficiencies, Plaintiff was directed to file an amended complaint. (Doc. no. 9). Plaintiff has submitted an amended

complaint, (doc. no. 10), and it is this document that the Court will now screen.[1]

## I. BACKGROUND

Plaintiff brings claims in his amended complaint against: (1) Victor Walker, Warden, and (2) Dr. Nichols, Medical Director. (Doc. no. 10, pp. 1, 4). Plaintiff alleges that on December 24, 2007, he slipped and fell on his back as he stepped out of the showers. (Id. at 5). Plaintiff argues that he fell because there were no rubber mats on the floor outside the showers. (Id.). Plaintiff alleges that he could not get up by himself and that inmates advised a guard of Plaintiff's situation. (Id.). In turn, the guard called "medical," and someone on the medial staff came and transported Plaintiff back to the medical unit at ASMP. (Id.). X-rays were taken of Plaintiff's back, and he was examined by a physician's assistant. (Id.). Plaintiff was then given Motrin and was taken back to his unit. (Id.).

According to Plaintiff, the Motrin had no effect on his back pain. (Id.). Additionally, when Plaintiff awoke the next day, he was unable to get out of bed. (Id.). Plaintiff alleges that he was taken back to the medical unit and was given a shot of Demerol (which relieved the pain), as well as a prescription for Darvocet. (Id.). Plaintiff notes that when his prescription for Darvocet expired, the pain in his back returned. (Id.). Plaintiff maintains that he was again seen by a physician's assistant concerning the pain in his back. (Id.).

---

[1] Plaintiff's amended complaint was originally filed in Hill v. Walker, Civil Case No. 108-159, (S.D. Ga. Nov. 20, 2008) (hereinafter "CV 108-159"). However, because of the proximity of the date of submission of the complaint in CV 108-159 and the date on which Plaintiff's amended complaint was due in the above-captioned case, the similarity of the allegations in the complaints, and the overlap of Defendants named in the complaints, it was clear that the complaint filed in CV 108-159 should have been filed as Plaintiff's amended complaint in this case. Accordingly, CV 108-159 was dismissed without prejudice, and the Clerk was directed to docket the complaint filed in CV 108-159 as Plaintiff's amended complaint in the instant case.

According to Plaintiff, this physician's assistant informed Plaintiff that the pain in his back was caused by arthritis, and as such, there was nothing that "they" could do. (Id.). Plaintiff does not agree that the pain is caused by arthritis because according to him, the pain only started after he fell on his back. (Id.). Plaintiff argues that Defendant Walker is responsible for all daily operations at ASMP, and thus, the lack of rubber mats outside the showers "falls on him." (Id.). Additionally, Plaintiff argues that as Medical Director, Defendant Nichols, is responsible for the actions or inactions of all medial staff at ASMP. (Id.). Plaintiff would like the institution to take responsibility for his back injury, compensate him for his pain and suffering, and award him a minimum of $50,000.00. (Id. at 6).

## II. DISCUSSION

In the Court's Order directing Plaintiff to amend his complaint, he was warned that his amended complaint would supersede his previously filed complaint. (Doc. no. 9, p. 4 (citing Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)). Plaintiff was also specifically told that he must name all Defendants in the caption and the body of the amended complaint. (Id.). Upon review of the amended complaint, the Court finds that Plaintiff no longer names three of the original Defendants as parties to the lawsuit. As Plaintiff fails to name in the caption and/or describe in the body of the amended complaint any actions taken by original Defendants (1) T.J. Conley, Deputy Warden of Security, (2) Ron Whitaker, Deputy Warden of Care and Treatment, and (3) the Medical Staff of ASMP, these three Defendants should be dismissed from this lawsuit.

Additionally, a review of Plaintiff's amended complaint establishes that Plaintiff did

3

not correct the pleading deficiency noted by the Court. Namely, Plaintiff again has not indicated how any of the named Defendants participated in any of the alleged constitutional violations. Plaintiff refers to Defendants Walker and Nichols in their supervisory capacities only.

Here, Defendants Walker and Nichols have specifically been mentioned because of their supervisory positions; however, "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). To hold an official in a supervisory position liable, Plaintiff must demonstrate that either (1) the supervisor personally participated in the alleged constitutional violation or (2) there is a causal connection between actions of the supervising official and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Plaintiff has not alleged that Defendants Walker and Nichols were personally involved with the purported constitutional violations. In fact, Plaintiff acknowledges that he is holding them liable solely based on their supervisory capacities. (Doc. no. 10, p. 5).

Similarly, Plaintiff fails to allege a "causal connection" between Defendants Walker and Nichols and the alleged constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be

established "when a history of widespread abuse[2] puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendants Walker or Nichols. Accordingly, Plaintiff fails to state a claim upon which relief can be granted as to Defendants Walker and Nichols.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that Defendants T.J. Conley, Ron Whitaker, the Medical Staff of ASMP be **DISMISSED** as Defendants. The Court also **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** for failure to state a claim as to the remaining Defendants.

SO REPORTED and RECOMMENDED this 19th day of December, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be <u>obvious, flagrant, rampant and of continued duration</u>, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

5